## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| MICHAEL BAILEY-LOMBARDELLI<br>2657 Grey Stoke Court<br>Xenia, OH 45385 | )<br>)<br>) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | )<br>) | |
| | ) | |
| v. | )<br>) | |
| | ) | **COMPLAINT FOR DAMAGES** |
| SEARS BRANDS, LLC.<br>Western Hill Plaza<br>6000 Glenway Ave.<br>Cincinnati, OH 45211 | )<br>)<br>)<br>)<br>) | **AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Also Serve:**<br>Sears Brands, LLC<br>3333 Beverly Road,<br>Hoffman Estates, Illinois 60179 | )<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| SEARS, ROEBUCK AND CO.<br>3333 Beverly Road,<br>Hoffman Estates, Illinois 60179 | )<br>)<br>)<br>) | |
| **Also Serve**:<br>c/o CT Corporation System,<br>Statutory Agent<br>4400 Easton Commons Way<br>Columbus, OH 43219 | )<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| HAROLD HIGNITE<br>c/o Sears Brands, LLC.<br>Western Hill Plaza<br>6000 Glenway Ave.<br>Cincinnati, OH 45211 | )<br>)<br>) | |

Defendants.

Plaintiff Michael Bailey-Lombardelli ("Bailey"), by and through undersigned counsel, as his

Complaint against Defendants, states and avers the following:



## PARTIES

1. Bailey is a resident of the city of Xenia, Greene County, state of Ohio.

2. Defendant Sears Brands, LLC is a foreign limited liability company that operates in Ohio as a subsidiary of Sears Holdings Corporation.

3. Defendant Sears, Roebuck and Co. is a foreign corporation that operates in Ohio, with its principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

4. For the purposes of this action, Defendants, Sears Brands, LLC and Sears, Roebuck and Co., will be collectively referred to as "Sears."

5. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Sears' location at Western Hill Plaza, 6000 Glenway Ave., Cincinnati, OH 45211.

6. At all times referenced herein, Sears was Bailey's employer within the meaning of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and/or Ohio R.C. § 4112.01(A)(2).

7. Upon information and belief, Defendant Harold Hignite is a resident of Kentucky.

8. Hignite is, and at all relevant times was, an individual who was a manager and/or supervisor for Sears and who acted directly or indirectly in the interest of Sears in relation to its employees, and is an employer within the meaning of the ADEA and/or R.C. § 4112.01 *et seq.*

## JURISDICTION & VENUE

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Bailey is alleging a Federal Law Claim under the ADEA.

10. This Court has supplemental jurisdiction over Bailey's state law claims pursuant to 28 U.S.C. § 1367, as Bailey's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.



12. Within 180 days of the conduct alleged below, Bailey filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2017-00517, against Sears ("EEOC Charge").

13. On or about April 25, 2018, the EEOC issued and mailed a Dismissal and Notice of Rights to Bailey regarding the EEOC Charge.

14. Bailey received his Dismissal and Notice of Rights letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

15. Bailey has filed this Complaint on or before the 90-day deadline set forth in his Dismissal and Notice of Rights.

16. Bailey has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

17. Bailey is 54 years-old.

18. Bailey is a former employee of Sears.

19. At all times herein, Bailey was acting within the course and scope of his employment with Sears.

20. Bailey worked for Sears as an Assistant Store Manager from June 1, 2016, until Sears unlawfully terminated Bailey's employment on or about September 1, 2016.

21. As an Assistant Store Manager, Bailey began his employment with Sears at its Western Hills, Ohio location, and then transferred to its Franklin, Ohio location shortly before his discharge.

22. At the time of Bailey's hire, he was 52 years old.  However, on his first day of employment, when Bailey met with his manager, Harold Hignite, to go over his new-hire paperwork, Hignite looked at Bailey's driver's license and stated, "Wow, you're older than I thought you were," and if he had known Bailey's age, he would not have hired him.

The Employee's Attorney.™



23. Hignite proceeded to tell Bailey he needed "younger blood" in the Asst. Store Manager position to drive results.

24. Hignite then told Bailey, "I hope you don't tire easily."

25. The age comments towards Bailey did not stop on his first day with Hignite.  Instead, Hignite constantly made comments about Bailey's age, calling him "old man", asking other employees to pick things up for Bailey because he was "too old" to bend over, and asking Bailey if he needed "someone younger" to help him.

26. On at least one occasion, when Bailey reported to work early for inventory/tagging, Hignite told Bailey he had some "young boys here today, so you shouldn't get behind old man."

27. In addition to the age-related comments, Hignite was aggressive, angry, and demeaning towards Bailey.  As examples, Hignite cursed at Bailey on several occasions, often screamed at Bailey, called Bailey "stupid" and told him to "shut up" in front of subordinates, and repeatedly told Bailey "this is my store and if you don't like it you can leave!"

28. On one occasion, June 20, 2016, Hignite even physically assaulted Bailey by walking past him and shoulder-checking Baily into some mailboxes on display.  Bailey suffered minor injuries, including neck pain, as a result of this assault.

29. Within a few weeks of starting his employment – and experiencing the discrimination and harassment from Hignite – Bailey contacted 88Sears (the Company's Human Resources website) to complain.

30. On or about June 25, 2016, Bailey also contacted Peggy Sokit (HR Manager) via email to complain of the discrimination and harassment from Hignite.  Indeed, Bailey sent several emails to HR regarding the treatment from Hignite.

The Employee's Attorney.™



31. Bailey met with Sokit and Michael Wilkes (Market Manager) to discuss his complaints against Hignite, and affter Hignite saw Bailey meeting with them, he was very aggressive and hostile towards Bailey.

32. On July 15, 2016, Sokit emailed Bailey to advise, "I am letting you know that all allegations [against Hignite] were investigated and there was been no evidence of intentional assault, and there is no evidence of retaliation."

33. Sokit's email then stated, "We are however working on a development plan to get you where you need to be on your role and responsibilities."  In other words, rather than taking any disciplinary action against Hignite for the way he was treating Bailey, Defendants opted to discipline Bailey following his complaints.

34. Indeed, shortly after complaining of the discrimination and harassment from Hignite, Defendants placed Bailey on a performance improvement plan ("PIP"), identifying areas in which Bailey's performance was suddenly lacking.

35. In addition to the PIP, Defendants retaliated against Bailey in other ways, including but not limited to, denying Bailey's requested vacation days that were previously approved, denying Bailey's request to leave work early for a doctor's appointment that was previously approved, and ignoring and isolating Bailey.

36.  Finally, after weeks of discrimination and harassment – all of which Bailey reported to Defendants and none of which was properly addressed or remedied – Defendants transferred Bailey to its Franklin, Ohio store.

37. Shortly after arriving at the Franklin store, Defendants informed Bailey they were terminating his position.

The Employee's Attorney.™



38. Bailey was told he could apply for a supervisor position (a reduction in responsibilities and pay), but shortly after Bailey applied, he was told by Kathy (LNU) that he did not get the position, and therefore, was being discharged from Sears.

39. During his termination meeting, the District Loss Prevention Manager was present (which was strange, since Bailey was not accused of theft), and threatened to physically harm Bailey. Indeed, Bailey contacted Middletown Police Department to file a report against this manager.

40. Upon information and belief, Defendants hired someone considerably younger than Bailey for the Assistant Store Manager and/or supervisor position.

41. Bailey was 52 years old at the time of his termination.

42. Bailey's termination was an adverse employment action by Defendants.

43. Bailey was discriminated against due to his age and/or retaliated against for making complaints of discrimination and harassment in the workplace.

44. Bailey was actually terminated due to his age, and/or in retaliation for complaining of discrimination and harassment.

45. There was a causal connection between Bailey's protected class (age) and his complaints and Defendants' adverse actions taken against Bailey.

46. Defendants did not proffer any legitimate non-discriminatory reason for terminating Bailey's employment.

47. Defendants' purported reason for Bailey's termination was merely pretext for discrimination and retaliation.

48. As a result of being treated disparately on the basis of his age during his employment at Sears, and being wrongfully terminated from Sears, Bailey has suffered severe emotional distress, anxiety, and depression.  He has had and continues to accrue damages based thereupon.

The Employee's Attorney.™



**COUNT I: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 621 *et seq*.**

49. Bailey restates each and every prior paragraph of this complaint, as if it were fully restated herein.

50. Bailey was 52 years old at the time of his termination.

51. At all times relevant, Bailey was a member of a statutorily-protected class under the ADEA.

52. Defendants treated Bailey differently from other similarly situated employees based on his age.

53. As of the date of his termination, Bailey was fully qualified for his position and employment with Sears.

54. After terminating Bailey, Defendants replaced Bailey with a person who was significantly younger than Bailey.

55. Defendants violated 29 U.S.C. § 621, *et seq*., by discriminating against Bailey based on his age.

56. Defendants violated 29 U.S.C. § 621, *et seq*., by terminating Bailey based on his age.

57. Bailey suffered emotional distress as a result of Defendants' conduct, and is entitled to emotional distress damages pursuant 29 U.S.C. § 621, *et seq*.

58. As a direct and proximate result of the Defendants' conduct, Bailey suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT II: WRONGFUL TERMINATION BASED ON AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.02 AND R.C. § 4112.99**

59. Bailey restates each and every prior paragraph of this complaint, as if it were fully restated herein.

60. Bailey was a member of a statutorily-protected class under R.C. § 4112.14(B) at the time he was terminated from his employment with Sears.

61. Bailey was 52 years-old at the time of his termination.

62. Bailey was fully qualified for his position and employment with Defendants.



63. Defendants treated Bailey differently than other similarly situated employees based upon his age.

64. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by treating Bailey differently from other similarly situated, significantly younger employees.

65. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by making harassing comments to Bailey about his age, as set forth above.

66. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by targeting Bailey for termination because of his age.

67. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Bailey's age.

68. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Bailey's age.

69. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by discriminating against and terminating Bailey based on his age.

70. Defendants replaced Bailey with a person who was significantly younger and/or not belonging to the protected class under R.C. § 4112.14(B).

71. Plaintiff incurred emotional distress damages as a result of Defendants' discrimination.

72. As a direct and proximate result of Defendants' wrongful termination of Bailey based upon age discrimination, Bailey has suffered and will continue to suffer damages.

### COUNT III:  RETALIATION

73. Bailey restates each and every prior paragraph of this complaint, as if it were fully restated herein.

74. As a result of the Defendants' discriminatory conduct described above, Bailey complained of the discrimination, harassment, and disparate treatment he was experiencing.

The Employee's Attorney.™



75. Subsequent to Bailey's reporting of discrimination and harassment to his employer, Defendants took adverse employment actions against Bailey, including terminating his employment.

76. Defendants' actions were retaliatory in nature based on Bailey's opposition to the unlawful discriminatory conduct.

77. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

78. As a direct and proximate result of Defendants' retaliatory discrimination against and discharge of Bailey, he has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: FAILURE TO HIRE BASED ON AGE DISCRIMINATION

79. Bailey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

80. Bailey is a member of a protected class under the ADEA and/or R.C. 4112.02, *et seq.*, due to his age.

81. Shortly before Defendants terminated his employment, Bailey applied for a supervisor position with Sears.

82. Bailey was qualified for the supervisor position.

83. Bailey was considered for the supervisor position, as it was his manager who told him to apply.

84. Bailey was not hired for the supervisor position, and upon information and belief, a less-qualified or similarly-qualified individual outside Bailey's protected class received the position.

85. Defendants refused to hire Bailey based on his age.

86. Bailey's age was a determinative factor in Defendants' decision to not hire him.

The Employee's Attorney.™



87. Defendants violated the ADEA and/or Ohio R.C. § 4112.02, *et seq.*, when it failed to hire Bailey based on his age.

88. As a direct and proximate result of Defendants' conduct, Bailey has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Bailey demands from Defendants the following:

a) Issue a permanent injunction:

    i. Requiring Defendants to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) An award against Defendants for compensatory and monetary damages to compensate Bailey for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

c) An award of punitive damages against Defendants in an amount in excess of $25,000;

The Employee's Attorney.™



d) An award of reasonable attorneys' fees and non-taxable costs for Bailey's claims as allowable under law;

e) An award of the taxable costs of this action; and

f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Matthew G. Bruce_____
Matthew G. Bruce (0083769)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Ste. 200
Beachwood, Ohio 44122
Phone: (513) 883-1147
Fax:    (216) 291-5744
Email: matthew.bruce@spitzlawfirm.com

*Attorney for Plaintiff Michael Bailey-Lombardelli*

## JURY DEMAND

Plaintiff Michael Bailey-Lombardelli demands a trial by jury by the maximum number of jurors permitted.

/s/ Matthew G. Bruce_____
Matthew G. Bruce (0083769)

The Employee's Attorney.™

